In the Matter of the Application of the METROPOLITAN ELEVATED RAILWAY COMPANY to Acquire Title to Certain Real Estate.

Pending an action to restrain elevated railroad companies from operating their roads in a street in the city of New York in front of plaintiff's lot, one of the companies instituted proceedings to acquire title to plaintiff's rights in the street which were interfered with. Plaintiff obtained a judgment awarding an injunction and damages. The defendants desiring to appeal, as a condition of obtaining a stay of proceedings under the injunction, entered into a stipulation with plaintiff by which they stipulated that they would not prosecute proceedings to condemn the property described in the complaint "pending the stay granted by this order" and would "contest the plaintiff's rights only in this action." The judgment was reversed upon appeal, and thereafter the company moved for the appointment of commissioners in the condemnation proceedings. The motion was denied upon the ground that under the stipulation the proceeding could not be prosecuted. *Held*, error; that the stipulation only limited the right of the company to prosecute the proceeding pending the stay, and when the stay ceased to operate by reason of the reversal, it was free to act as before signing the stipulation.

Also *held*, that the order denying the motion was reviewable here.

(Argued December 12, 1892; decided January 17, 1893.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made November 18, 1892, which affirmed an order of Special Term denying a motion for the appointment of commissioners of appraisal in proceedings to acquire the title of adjoining landowners to rights in a street through which the petitioner's elevated railroad runs.

The facts, so far as material, are stated in the opinion.

*Julien T. Davies* for appellants. The court below erred in its construction of the stipulation. (1 Black. Comm. 87–91; Potter's Dwarris on Stat. 121, 146, 174, 264; Sedg. on Stat. Const. 225–246; Cooley on Const. Lim. [6th ed.] 70–75; *Hart* v. *Cleis*, 8 Johns. 44; *State* v. *Williams*, 8 Ind. 191; *A. B. N. Co.* v. *N. Y. E. R. R. Co.*, 129 N. Y. 252; *Hughes*

v. *M. E. R. Co.*, 130 id. 14; *Watson* v. *M. E. R. Co* , 29 N. Y. S. R. 513.) The stipulation was void if it deprived the company of the right to condemn, because the court had no power to require the company to enter into such a stipulation. (*Beekman* v. *S. & S. R. R. Co.*, 3 Paige, 45; *Harris* v. *Thompson*, 9 Barb. 350; *B. & N. Y. R. R. Co.* v. *Brainard*, 9 N. Y. 100; *People* v. *Smith*, 21 id. 595; *In re Fowler*, 53 id. 60; *In re U. F. Co.*, 98 id. 153; *Gilmer* v. *Line Point*, 18 Cal. 229; *Lent* v. *Tilson*, 72 id. 404; *C., R. I. & P. R. R. Co.* v. *Point of Lake*, 70 Ill. 333; *W. W. Co.* v. *Berkhart*, 41 Ind. 364; *H. Bridge* v. *Essex*, 103 Mass. 120; *Coster* v. *T. W. Co.*, 18 N. J. Eq. 54, 518; *Roberts* v. *M. R. Co.*, 128 N. Y. 455.) The stipulation is void if it deprives the company of the power to condemn, because the company had no power to make it. (*S. R. T. Co.* v. *Mayor, etc.*, 128 N. Y. 510; *O. R. Co.* v. *O. R. Co.*, 130 U. S. 1.) The court has jurisdiction to entertain this appeal. (*N. Y. C. R. R. Co.* v. *Marvin*, 11 N. Y. 276; *In re D. & H. C. Co.*, 69 id. 209; *In re P. P. & C. I. R. R. Co.*, 85 id. 489–498; *In re State Reservation at Niagara*, 102 id. 734; *In re M. E. R. Co.*, 128 id. 600; *R. & S. R. R. Co.* v. *Davis*, 43 id. 137; Code Civ. Pro. § 190; *In re N. Y., W. S. & B. R. R. Co.*, 94 N. Y. 287; *In re N. Y., L. & W. R. R. Co.*, 98 id. 447.)

*William G. Peckham* for respondent. The order is not appealable. (*In re N. Y., L. & W. R. R. Co.*, 98 N. Y. 453; 128 id. 600; Code Civ. Pro. § 1301; *N. Y. C. R. R. Co.* v. *Marvin*, 11 N. Y. 276; *In re Dodd*, 27 id. 629; *King* v. *Mayor, etc.*, 36 id. 182; *People* v. *Betts*, 55 id. 600; *In re D. & H. C. Co.*, 69 id. 209; *In re P. P. & C. I. R. Co.*, 85 id. 489, 498; *In re State Reservation at Niagara*, 102 id. 734; *Baird* v. *Mayor, etc.*, 74 id. 382; *In re N. Y. C. & H. R. R. R. Co.*, 64 id. 63.) The petition was plainly defective, even as amended. (*In re M. E. R. Co.*, 27 N. Y. S. R. 576; *In re U. F. Co.*, 98 N. Y. 153.) When a law has been for some years repealed, it is contrary to public policy, and not consistent with the dignified practice of law, that it

should be used. The condemnation, if at all, should have been under the law existing. (*In re Cooper*, 93 N. Y. 507.)

PECKHAM, J. Prior to 1889 the property owner whose property, or some portion thereof, is involved in this proceeding, brought an action against the company to restrain it from the further operation of its road in the street in front of the property of such owner, on the ground that it was so operating its road without right as to him. In that action it was sought to obtain a judgment which should enjoin the further operation of the road until the amount of damages which the owner would sustain by reason of the road had been ascertained and paid. It was the usual action in equity, numbers of which have been before the courts of original jurisdiction, and also before this court, for a long time. While the action was pending and undetermined, the railway company in 1889 instituted proceedings to condemn the property which was the subject-matter of the action above mentioned. Nothing further seems to have been done in the proceedings to condemn until 1890, when some amendment of them was made, and from that time until 1892, the railway company remained inactive so far as they were concerned. Subsequent to 1890, the action of the property owner was tried, and resulted in a judgment for the plaintiff for a certain amount of damages, and for the award of an injunction as prayed for. The railway company desired to appeal from that judgment and desired a stay of proceedings under the injunction in the meantime and until a decision upon the appeal could be had. It would seem that plaintiff in the action opposed a stay of the injunction pending such appeal, and thereupon the following stipulation was entered into:

" SUPREME COURT — COUNTY OF NEW YORK.

"AMERICAN BANK NOTE COMPANY *against* THE METROPOLITAN ELEVATED RAILWAY COMPANY and the MANHATTAN RAILWAY COMPANY.

" Stipulation.

"As a condition of obtaining the stay of the injunction con-

tained in the judgment herein, imposed upon these defendants by an order entered herein on the 8th day of October, 1890, and solely under compulsion of the said order, the defendants above named, and each of them, hereby stipulate that they or either of them will not institute or prosecute any proceedings to condemn the property described in the complaint herein, pending the stay granted by this order; and that they, and each of them, will contest the plaintiff's rights only in this action; and that they will prepare a case on appeal at once.

"Dated NEW YORK, *October 15,* 1890.

"DAVIES & RAPALLO,

"*Attys. for Defts.,*

" 32 Nassau street,

" N. Y. City."

Upon signing the stipulation the issuing of the injunction pending the appeal was stayed.

The judgment upon the appeal was reversed. Subsequent to the reversal the railway company noticed a motion in the condemnation proceedings for the appointment of commissioners in accordance with the amended petition verified in June, 1890. That motion was opposed by the property owner and denied by the court. The form of the order and the memorandum made by the judge who denied the application led of necessity to the conclusion that the application was not denied upon any ground of discretion, but solely upon the construction given the stipulation by the learned court at Special Term. The memorandum indorsed upon the moving papers was as follows: " I think the stipulation given both in words and spirit agrees that this proceeding shall not be pursued. Motion denied."

The order denying the application after reciting the reading of the petitioner's amended petition and the affidavit of the attorney for the property owner continues : " and on reading the stipulation signed by the defendants, stipulating to contest the plaintiff's rights only in the action brought by the plaintiff, and after hearing A. S. Lyman, Esq., of counsel for the petitioner, and William G. Peckham, Esq., of counsel for

the property owner, ordered that the petitioner's motion be and the same is hereby denied, with $10 costs." This order was affirmed in all respects by the General Term, and from the order of affirmance the railway company has appealed to this court.

We think the contention of the counsel for the respondent that the order is not appealable cannot be maintained. It is not of that character which the statute makes final and conclusive with the General Term of the Supreme Court. The order, which is not appealable to this court, relates to the assessment of damages for the taking of the land and everything that could be litigated before and passed upon by the commissioners. All orders which are discretionary with the courts below are also not appealable, unless in cases of abuse of such discretion.

Here the question in this case and upon the record as made up is really one of law as to the proper construction of the stipulation. Upon that question we think the courts below have erred. The railway company by that stipulation, for the purpose of obtaining a stay of proceedings upon the judgment awarding an injunction, which would enjoin them from the further operation of their road, agree not to institute or prosecute proceedings to condemn the property pending the stay granted by the order, and that they will contest the plaintiff's right only in the action. It seems to us that the phrase " pending the stay granted by the order" is to be applied to the whole agreement, so that it shall limit the right of the railway company to institute or prosecute proceedings to condemn only pending the stay, and when the stay becomes useless and *functus officio* by the reversal of the judgment which awarded the injunction, the railway company is, by the proper construction of the agreement, free to act as it was before the judgment for an injunction was obtained or the stipulation entered into. The contrary construction, we think, is not warranted by the terms of the stipulation.

If the railway company do not proceed with proper diligence in the condemnation proceedings, the property owner

is not in the least harmed.   It is always at liberty to bring its own action to trial again, and can therein obtain all the relief necessary, or to which it may be entitled.   The question is a narrow one, involving simply the construction of one phrase in a stipulation, and we think the railway was only bound to refrain from instituting or prosecuting condemnation proceedings pending the stay granted, and that it was bound to contest plaintiff's rights only in the action, while the stay was pending therein and when it ceased, by the reversal of the judgment the railway company was restored to the rights which it possessed prior to the signing of the agreement.

The orders of the General and Special Terms should be reversed and the motion remitted to the Special Term for the action of that court under this view of the meaning of the stipulation, with costs to the railway company in all courts.

All concur.

Ordered accordingly.